**James Castillo MENDOZA,
Petitioner–Appellant,**

v.

**Terry STEWART; Attorney General of
the State of Arizona, Respondents–
Appellees.**

No. 00–17305.

D.C. No. CV–96–02699–RGS.

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2002 *.

Decided May 24, 2002.

Before FERNANDEZ, THOMAS and
WARDLAW, Circuit Judges.

MEMORANDUM **

Arizona state prisoner James Castillo
Mendoza appeals pro se the district court's
denial of his 28 U.S.C. § 2254 habeas peti-
tion challenging a burglary conviction.
We have jurisdiction pursuant to 28 U.S.C.
§§ 1291 and 2253. We review the district
court's denial of Mendoza's habeas petition
de novo, *see Turner v. Calderon,* 281 F.3d
851, 864 (9th Cir.2002), and we affirm.

Mendoza contends that he was preju-
diced by the admission of evidence that the
victims had been threatened prior to testi-
fying. A habeas petition may not be
granted unless the alleged constitutional
error " 'had a substantial and injurious
effect or influence in determining the
jury's verdict.' " *Brecht v. Abrahamson,*

507 U.S. 619, 623, 113 S.Ct. 1710, 123
L.Ed.2d 353 (1993) (citation omitted). We
conclude that although the admission of
evidence of threats was improper, it did
not have a substantial and injurious effect
on the verdict, in light of the overwhelming
evidence of guilt including that Mendoza
was confronted and restrained by the vic-
tims exiting their home and their property
was found in his car. *See Bains v. Cam-
bra,* 204 F.3d 964, 973–74, 977–78 (9th
Cir.), *cert. denied,* 531 U.S. 1037, 121 S.Ct.
627, 148 L.Ed.2d 536 (2000) (holding that
although admission of threats was in error
and prosecutor's closing arguments violat-
ed defendant's constitutional rights, these
errors did not merit habeas relief in light
of the overwhelming evidence showing de-
fendant's guilt).

Because Mendoza was not prejudiced by
the testimony about threats, we reject his
claim that the prosecutor committed preju-
dicial misconduct by eliciting that testimo-
ny. *See Johnson v. Sublett,* 63 F.3d 926,
930 (9th Cir.1995) (holding that improper
statements by the prosecutor were not
grounds for habeas relief because the
prosecutor's conduct did not affect the
jury's verdict). Likewise, we reject Men-
doza's claim that he was prejudiced by his
counsel's failure to object to the admission
of that evidence. *See Laboa v. Calderon,*
224 F.3d 972, 980–981 (9th Cir.2000) (stat-
ing that because other evidence showed
defendant's guilt, defendant's counsel's
failure to have evidence suppressed was
not prejudicial and therefore defendant's
counsel's assistance was not ineffective).

AFFIRMED.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2). Accordingly, Mendo-
za's request for oral argument is denied.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by 9th Cir. R. 36–3.